IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| BARBARA BURKHART, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 2:07-cv-61-WHA |
| | * | |
| LABORATORY CORPORATION OF AMERICA and AETNA LIFE INSURANCE COMPANY, | * * * * | |
| Defendants. | * | |

**AETNA LIFE INSURANCE COMPANY'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, Aetna Life Insurance Company ("Aetna"), and in response to Plaintiff's Complaint, states as follows:

1. Aetna admits that this Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and that the disability benefits plans at issue are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Aetna denies each and every remaining allegation contained in paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.

2. Aetna is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 2 of Plaintiff's Complaint; therefore, Aetna cannot admit or deny same.

3. Aetna admits that it is the claim fiduciary for the self-funded group short term disability benefits plan and the fully insured group long term disability benefits plan offered to eligible employees of Laboratory Corporation of America ("LabCorp"). Aetna also admits that those disability benefits plans are governed by ERISA. Aetna is without knowledge or

information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 3 of Plaintiff's Complaint; therefore, Aetna cannot admit or deny same.

4.   Aetna admits that it is the claim fiduciary for benefit certification for the group short term disability benefits plan and group long term disability benefits plan offered to eligible employees of LabCorp.  The remaining allegations contained in paragraph 4 of Plaintiff's Complaint do not require a response from Aetna; however, if Aetna is mistaken in that belief and a response is required, Aetna denies the remaining allegations and demands strict proof thereof.

5.   Aetna is a foreign corporation that is qualified to conduct business in the State of Alabama.  Aetna also admits that it is the claim fiduciary for benefit certification for the group short term disability benefits plan and group long term disability benefits plan offered to eligible employees of LabCorp.  Aetna denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint and demands strict proof thereof.

6.   Aetna is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 6 of Plaintiff's Complaint; therefore, Aetna cannot admit or deny same.

7.   Aetna is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 7 of Plaintiff's Complaint; therefore, Aetna cannot admit or deny same.

8.   Aetna admits that Plaintiff applied for disability benefits under the Laboratory Corporation of America Short Term Disability Plan on or about June 6, 2005, that Plaintiff's application was denied by Aetna on or about October 1, 2005, and that Plaintiff's appeal of that decision was denied by Aetna on or about November 30, 2005, for the failure of Plaintiff's condition to satisfy the definition of "disabled" as set forth in the plan documents.  Aetna denies

the remaining allegations contained in paragraph 8 of Plaintiff's Complaint and demands strict proof thereof

9.     Aetna denies each and every allegation contained in paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10.    Aetna denies each and every allegation contained in paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11.    Aetna denies each and every allegation contained in paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12.    Aetna denies each and every allegation contained in paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13.    Aetna denies each and every allegation contained in paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14.    Aetna denies each and every allegation contained in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15.    Aetna denies each and every allegation contain in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

Aetna denies that Plaintiff is entitled to the relief sought in her prayer for relief following paragraph 15 of her Complaint.

### **FIRST DEFENSE**

Each and every claim contained in Plaintiff's Complaint is barred by the applicable statutes of limitation.

**SECOND DEFENSE**

Each and every cause of action in Plaintiff's Complaint fails to state a claim for which relief can be granted.

**THIRD DEFENSE**

Plaintiff's sole and exclusive remedies in this action are limited to those allowed under the Employee Retirement Income Security Act of 1974 ("ERISA").

**FOURTH DEFENSE**

Pursuant to the provisions of ERISA, Plaintiff is not entitled to a trial by jury.

**FIFTH DEFENSE**

The award of any damages under the allegations of the Complaint would violate the prohibition against laws that impair the obligations of contracts in violation of the Contract Clause, Article I, Sec. 10, cl. 1, of the United States Constitution and Article I, Section 22, of the Alabama Constitution (1901), in that Plaintiff's claims are in derogation of express terms contained in the disability benefits plans made the basis of this lawsuit.

**SIXTH DEFENSE**

Aetna has not breached any duties that were or are owed to Plaintiff by virtue of the disability benefits plans at issue.

**SEVENTH DEFENSE**

Aetna did not participate in, authorize, ratify or benefit from any of the alleged wrongful acts that are asserted in Plaintiff's Complaint.

**EIGHTH DEFENSE**

Aetna has not refused to pay any benefit pursuant to the disability benefits plans at issue to which Plaintiff was contractually entitled.

**NINTH DEFENSE**

Plaintiff is not entitled to any damages or benefits beyond those benefits that are outlined in the provisions of the disability benefits plans at issue.

**TENTH DEFENSE**

Aetna is entitled to a set-off and credit for any and all sums paid to or on Plaintiff's behalf by any other party or collateral source as a result of or related to this lawsuit.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to recover to the extent that any damages were caused by Plaintiff's failure to mitigate her damages, or in the alternative, Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

**TWELFTH DEFENSE**

Aetna states that the transactions which are the subject of this action were voluntarily undertaken and that Plaintiff had an obligation and opportunity to read all documents presented to or signed by Plaintiff, that Plaintiff knowingly entered into the transactions having either understood the transactions or having failed to avail herself of the opportunity to understand the transactions, and that said transactions are now complete.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, ripeness, unclean hands and/or failure to read.

**FOURTEENTH DEFENSE**

All allegations contained in Plaintiff's Complaint that are not specifically admitted are denied.

**FIFTEENTH DEFENSE**

Aetna would affirmatively show that any damages or injuries suffered by Plaintiff, if any, were due to Plaintiff's own actions or inactions and Plaintiff cannot recover any amount from Aetna and that the sole proximate cause of any injuries or damages was the result of Plaintiff's own actions or inactions.

**SIXTEENTH DEFENSE**

Venue is improper.

**SEVENTEENTH DEFENSE**

Before the filing of this lawsuit, Plaintiff failed to satisfy her contractual obligations that were the predicate to the payment of any further benefits by Aetna pursuant to the disability benefits plans at issue; therefore, Plaintiff's Complaint should be dismissed.

**EIGHTEENTH DEFENSE**

Aetna incorporates by reference affirmative defenses asserted by any other defendant and reserves the right to assert any additional defenses which may arise as discovery progresses or otherwise as appropriate in the course of this litigation.

WHEREFORE, having fully answered, Aetna Life Insurance Company respectfully requests that this Court dismiss Plaintiff's Complaint on its merits as it relates to any action or inaction on Aetna's part and with prejudice to the bringing of any further action at the cost of Plaintiff.

*s/Pamela A. Moore*_____
PAMELA A. MOORE (MOORP5421)
Attorney for Defendant
Aetna Life Insurance Company

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on February 26, 2007, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following:

    Stephen M. NeSmith, Esq.
    Riggs & NeSmith, P.A.
    P. O. Box 1047
    Montgomery, AL  36101-1047

                                          *s/Pamela A. Moore*_____
                                          COUNSEL