IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BARBARA BURKHART, )<br>)<br>PLAINTIFF, )<br>)<br>vs. )<br>)<br>LABORATORY CORPORATION OF, )<br>AMERICA, INC., and AETNA LIFE )<br>INSURANCE COMPANY, )<br>)<br>DEFENDANTS. ) | CIVIL ACTION NO:<br>2:07-CV-00061-WHA |

## LABORATORY CORPORATION OF AMERICA HOLDINGS' ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Defendant, Laboratory Corporation of America Holdings ("LabCorp") incorrectly denominated in the Complaint as Laboratory Corporation of America, Inc., and answers the Complaint filed against it in this action as follows:

### FIRST DEFENSE

Note, the numbered paragraphs in the First Defense correspond to the numbered paragraphs of the Complaint.

1. LabCorp admits that this Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and that the disability benefits plans at issue are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). LabCorp denies each and every remaining allegation contained in paragraph 1 of Plaintiffs Complaint and demands strict proof thereof.

2. LabCorp is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and therefore, denies the same.

1547975

3.      LabCorp admits that Aetna is the claim fiduciary for the self-funded group short term disability benefits plan and the fully insured group long term disability benefits plan offered to eligible employees of LabCorp.  LabCorp also admits that those disability benefits plans are governed by ERISA.  LabCorp is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4.      LabCorp admits that it is a corporation, that it was qualified to do business in the State of Alabama, that it has engaged in business in Montgomery County, Alabama and that Aetna is the claim fiduciary for benefit certification for the group short term disability benefits plan and group long term disability benefits plan offered to eligible employees of LabCorp.  LabCorp is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5.      LabCorp admits that Aetna is a foreign corporation that is qualified to conduct business in the State of Alabama.  LabCorp also admits that Aetna is the claim fiduciary for benefit certification for the group short term disability benefits plan and group long term disability benefits plan offered to eligible employees of LabCorp.  LabCorp is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.      At this time, LabCorp is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.      At this time, LabCorp is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8.      LabCorp admits that Plaintiff applied for disability benefits under the Laboratory Corporation of America Short Term Disability Plan on or about June 6, 2005, that Plaintiff's application was denied by Aetna on or about October I, 2005, and that Plaintiff's appeal of that decision was denied by Aetna on or about November 30, 2005, for the failure of Plaintiff's condition to satisfy the definition of "disabled" as set forth in the plan documents. LabCorp denies the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      LabCorp denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     LabCorp denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     LabCorp denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     LabCorp denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     LabCorp denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     LabCorp denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     LabCorp denies the allegations contain in paragraph 15 of Plaintiff's Complaint.

16.     LabCorp denies that Plaintiff is entitled to the relief sought in her prayer for relief following paragraph 15 of her Complaint.

**SECOND DEFENSE**

Each and every claim contained in Plaintiff's Complaint is barred by the applicable statutes of limitation.

**THIRD DEFENSE**

Each and every cause of action in Plaintiff's Complaint fails to state a claim for which relief can be granted.

**FOURTH DEFENSE**

Plaintiff's sole and exclusive remedies in this action are limited to those allowed under the Employee Retirement Income Security Act of 1974 ("ERISA").

**FIFTH DEFENSE**

Pursuant to the provisions of ERISA, Plaintiff is not entitled to a trial by jury.

**SIXTH DEFENSE**

The award of any damages under the allegations of the Complaint would violate the prohibition against laws that impair the obligations of contracts in violation of the Contract Clause, Article I, Sec. 10, cl. 1, of the United States Constitution and Article I, Section 22, of the Alabama Constitution (1901), in that Plaintiff's claims are in derogation of express terms contained in the disability benefits plans made the basis of this lawsuit.

**SEVENTH DEFENSE**

LabCorp has not breached any duties that were or are owed to Plaintiff by virtue of the disability benefits plans at issue.

**EIGHTH DEFENSE**

LabCorp did not participate in, authorize, ratify or benefit from any of the alleged wrongful acts that are asserted in Plaintiff's Complaint.

**NINTH DEFENSE**

LabCorp has not refused to pay any benefit pursuant to the disability benefits plans at issue to which Plaintiff was contractually entitled.

**TENTH DEFENSE**

Plaintiff is not entitled to any damages or benefits beyond those benefits that are outlined in the provisions of the disability benefits plans at issue.

**ELEVENTH DEFENSE**

LabCorp is entitled to a set-off and credit for any and all sums paid to or on Plaintiff s behalf by any other party or collateral source as a result of or related to this lawsuit.

**TWELFTH DEFENSE**

Plaintiff is not entitled to recover to the extent that any damages were caused by Plaintiff's failure to mitigate her damages, or in the alternative, Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

**THIRTEENTH DEFENSE**

LabCorp states that the transactions which are the subject of this action were voluntarily undertaken and that Plaintiff had an obligation and opportunity to read all documents presented to or signed by Plaintiff, that Plaintiff knowingly entered into the transactions having either understood the transactions or having failed to avail herself of the opportunity to understand the transactions, and that said transactions are now complete.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, ripeness, unclean hands and/or failure to read.

## FIFTEENTH DEFENSE

All allegations contained in Plaintiff's Complaint that are not specifically admitted are denied.

## SIXTEENTH DEFENSE

LabCorp would affirmatively show that any damages or injuries suffered by Plaintiff, if any, were due to Plaintiff's own actions or inactions and Plaintiff cannot recover any amount from LabCorp and that the sole proximate cause of any injuries or damages was the result of Plaintiff's own actions or inactions.

## SEVENTEENTH DEFENSE

Venue is improper.

## EIGHTEENTH DEFENSE

Before the filing of this lawsuit, Plaintiff failed to satisfy her contractual obligations that were the predicate to the payment of any further benefits by LabCorp pursuant to the disability benefits plans at issue; therefore, Plaintiff's Complaint should be dismissed.

## NINETEENTH DEFENSE

LabCorp incorporates by reference affirmative defenses asserted by any other defendant and reserves the right to assert any additional defenses which may arise as discovery progresses or otherwise as appropriate in the course of this litigation.

s/ Michael L. Lucas_____
Michael L. Lucas (LUC004)

Attorney for Defendant
Laboratory Corporation of America
Holdings

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2007, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen McKay NeSmith
Riggs & Nesmith, P.A.
P.O. Box 1047
Montgomery, Alabama 36101-1047

Pamela Ann Moore
Alford, Clausen & McDonald, LLC
1 Saint Louis Street
Suite 5000
Mobile, Alabama 36602-3929

                          s/ Michael L. Lucas
                          OF COUNSEL