IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **BARBARA BURKHART,** | * | |
| | * | |
|     **PLAINTIFF,** | * | |
| | * | |
| vs. | * | CASE NO. 2:07cv061-WHA |
| | * | |
| **LABORATORY CORPORATION OF** | * | |
| **AMERICA and AETNA LIFE** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
|     **DEFENDANTS.** | * | |

**MOTION FOR PERMISSION TO AMEND COMPLAINT**

Comes now the Plaintiff, Barbara Burkhart, and moves this Court for permission to amend her Complaint, so as to add a count for violation of ERISA, Sec. 502( c)(1) and to request that those civil penalties allowed by law by imposed against the Defendant.

**AMENDED COMPLAINT**

Now, having moved the Court for permission to amend her Complaint, the Plaintiff hereby amends her Complaint as follows:

1. This action arises under the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA), 29 USC Section 1001 et seq., and more particularly under 29 USC Section 1132(a)(1)(B) and Section 1132( c) of said Act. This Court has jurisdiction under 29 USC Section 1132(e).

2. That on or about July 1, 2005, the Plaintiff, Barbara Burkhart, by and through her then attorney, Joseph Burkhart, wrote to Mr. Ony Quinones, the AETNA Disability Supervisor, and requested that the Plan Administrator provide a copy of the Summary Plan Description, copies of the procedures that the Plan Administrator uses to determine eligibility for obtaining disability, and

a copy of the appeals procedure.

      3. That on or about September 7, 2005, the Plaintiff, Barbara Burkhart, by and through her then attorney, Joseph Burkhart, wrote to Ms. Debbie Goodale, Senior HR Consultant, and requested a copy of the Summary Plan Description, and the policy for Short Term Disability and Long Term Disability that AETNA applied to the Plaintiff's case.

      4. That on or about September 16, 2005, the Plaintiff, Barbara Burkhart, by and through her then attorney, Joseph Burkhart, wrote again to Ms. Debbie Goodale, Senior HR Consultant, and requested a copy of the Summary Plan Description, for Short Term Disability and Long Term Disability that AETNA applied to the Plaintiff's case.

      5. That on or about October 11, 2005, after the Plaintiff was denied Short Term Disability benefits, the Plaintiff, Barbara Burkhart, by and through her then attorney, Joseph Burkhart, wrote again to Ms. Debbie Goodale, Senior HR Consultant, and requested a copy of the Summary Plan Description, for Short Term Disability and Long Term Disability that AETNA applied to the Plaintiff's case.

      6. That on or about December 1, 2005, the Plaintiff, Barbara Burkhart, by and through her then attorney, Joseph Burkhart, wrote again to Ms. Debbie Goodale, Senior HR Consultant, and again requested a copy of the Summary Plan Description, for Short Term Disability and Long Term Disability that AETNA applied to the Plaintiff's case. In addition, the attorney for the Plaintiff requested a copy of the Certificate of Insurance for Short Term Disability and Long Term Disability.

      7. That the Plan Administrator willfully and/or intentionally failed or refused to respond to the Plaintiff's repeated requests for the Summary Plan Description and later, the Certificate of Insurance, until after the Plaintiff filed this action. These documents were finally provided with the Defendant's initial disclosures.

8. That the Defendant's actions violated ERISA, Section 101, which requires that the Summary Plan Description, upon written request, must be provided to the beneficiary within 90 days of the request. The Plaintiff is a beneficiary of the Plan and requested, in writing, a copy of the Summary Plan Description, beginning on July 1, 2005, but did not receive a copy thereof within the 90 days allowed by law.

10. That the Defendant's actions also violated ERISA, Section 104(b)(4), which requires that other requested documents must be provided to the beneficiary within 90 days of the request. The Plaintiff is a beneficiary of the Plan and requested, in writing, a copy of the Certificate of Insurance, as well as other documents, beginning on July 1, 2005, but did not receive a copy thereof within the 90 days allowed by law.

11. That ERISA, Section 502( c)(1), allows for penalties of $100 per day per request against any administrator who fails to timely and properly respond to written requests for the type of documents that the Plaintiff requested herein. The Plaintiff asks this Court to impose such civil penalties as are allowed by law against the Defendant.

WHEREFORE, the Plaintiff prays this Court will allow her to amend her Complaint, so as to add a count for imposition of civil penalties for the Defendant's failure to furnish her with a copy of the Summary Plan Description, the Certificate of Insurance and those other documents requested by her. Upon presentation of evidence of the Defendant's failure to provide said documents in accordance with law, the Plaintiff prays this Court will assess a penalty of $ 110 per day per request, and such other penalties and costs as are allowed by law., including an award of attorneys fees and costs of this action. And the Plaintiff prays for such other, further, different and general relief as may be proper.

        /s/   Stephen M. NeSmith
**Stephen M. NeSmith (NES003)**
**Attorney for Plaintiff Barbara Burkhart**

**Of Counsel:**

**Riggs & NeSmith, P.A.**
**Post Office Box 1047**
**Montgomery, Alabama 36101-1047**
**Tel. (334) 834-6990**
**Fax (334) 834-4796**
**Email: riggsnesmithpa@ yahoo.com**

## Certificate of Service

    I hereby certify that I have served a copy of the foregoing Motion for Permission to Amend and Amended Complaint upon the following persons, by placing a copy of same in the U.S. Mail, postage prepaid, on this 20th day of July, 2007:

    Pamela A. Moore, Esq.
    Marcus T. Fox, Esq.
    ALFORD, CLAUSEN & McDONALD, LLC
    One St. Louis Centre, Suite 5000
    Montgomery, Alabama 36602

        /s/   Stephen M. NeSmith
        **Of Counsel**