IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **BARBARA BURKHART,** | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| vs. | * | CASE NO.  2:07cv061-WHA |
| | * | |
| **AETNA LIFE INSURANCE CO.,** | * | |
| | * | |
| DEFENDANT. | * | |

## CONSOLIDATED COMPLAINT

Comes now the Plaintiff, Barbara Burkhart, and files this claim for monetary damages against the Defendants on account of the following:

1. This action arises under the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA), 29 USC Section 1001 et seq., and more particularly under 29 USC Section 1132(a)(1)(B) and Section 1132( c) of said Act.  This Court has jurisdiction under 29 USC Section 1132(e).

2. The Plaintiff, Barbara Burkhart, is currently residing 4316 Liztame Drive, Montgomery, Alabama 36106 and is a qualified participant in the Laboratory Corporation of America Pension Plan, within the meaning of 29 USC § 1002(7) if ERISA.

3. The LabCorp Short Term Disability Plan provided by the Plaintiff's former employer, Laboratory Corporation of America (LabCorp), hereinafter cited as the Plan, is a qualified employee's pension or retirement benefits plan under Section 401 of the Internal Revenue Code of 1954, as amended, and an employee pension plan with the meaning of 29 USC Section 1002(2)(A) and Section 1002(35) and was adopted prior to the Plaintiff's employment with the employer, LabCorp.

4. Laboratory Corporation of America is the plan administrator and fiduciary of the LabCorp Short Term Disability Plan and the Labcorp Long Term Disability Plan.

5. Defendant, Aetna Life Insurance Company, hereinafter referred to as Aetna, is a corporation organized and existing under the laws of the State of Delaware, but was engaged in business in the City of Montgomery, Montgomery County, Alabama, and is the benefit administrator and fiduciary of the Laboratory Corporation of America Pension Plan.

**First Cause of Action**

6. On or about the 1st day of January, 2003, Plaintiff Burkhart became employed by LabCorp hereinafter referred to as Employer, and remained continuously employed under the terms of the Pension Plan. The Plaintiff had been a long time employee of Alabama Reference Lab, prior to LabCorp's acquisition of it, and Plaintiff was vested with over ten years of service under LabCorp's Pension Plan.

7. Plaintiff went on approved medical leave on June 6, 2005 through September 30, 2005, at which time her leave of absence expired and she was terminated from her employment, effective October 1, 2005.

8. On or about the 6th day of June, 2005, the Plaintiff applied for disability benefits under the LabCorp Short Term Disability Plan, based upon the report of her treating physician, Dr. Larry W. Epperson, citing a history of lumbar disc disease, cervical fusion at C5-6 with spinal stenosis, and disc herniation at C4-5, and with a recent diagnosis of diabetes, hyperthyroidism, hyperlipidemia and hypertension. The Plaintiff's application was denied on October 1, 2005 by Aetna Life Insurance Company, acting as the Claim Administrator for the Employer. Plaintiff appealed that denial and was notified by an Independent Review Committee on November 30, 2005, that her appeal was denied because she did not meet the definition of "disabled," as same applied to the Plan.

9. Benefits due are vested under the Plan and the Plaintiff has complied with all conditions in order to receive such disability benefits.

10. The Defendant erroneously interpreted plan provisions providing for disability benefits in denying the Plaintiff's eligibility for short term, and subsequently, long term, disability benefits.

11. The Defendant failed to consider evidence offered by the Plaintiff establishing short term disability and long term total and permanent disability, and failed to provide a fair and impartial examination and review, as required by the plan on appeal or review of a denial of benefits.

12. The Defendant failed to provide the Plaintiff with the opportunity for a full and fair review of her claim and further failed to provide the necessary information required for adequate notice in violation of 29 USC Section 1133.

13. The above decision of the Appeal Committee of the Employer denying Plaintiff benefits due under the terms of the Pension Plan was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

14. As the direct and proximate result of the actions of the Defendant, AETNA Life Insurance Company as fiduciary, the Plaintiff has been caused to incur attorneys fees in an amount currently not known to the Plaintiff.

15. As the direct and proximate result of the above Defendant's actions, the Plaintiff has lost benefits in an amount not known in full by the Plaintiff but upon belief and information such loss approximates the amount of the benefits due under the terms of the Pension Plan for each month since September 30, 2005, and the amount the Plaintiff will continue to sustain each month until the benefits are paid in full.

## Second Cause of Action

16. The Plaintiff, Barbara Burkhart, adds a second cause of action for violation of ERISA,

Sec. 502( c)(1) and requests the civil penalties allowed by law by imposed against the Defendant.

17. This second cause of action arises under the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA), 29 USC Section 1001 et seq., and more particularly under 29 USC Section 1132(a)(1)(B) and Section 1132( c) of said Act. This Court has jurisdiction under 29 USC Section 1132(e).

18. That on or about July 1, 2005, the Plaintiff, Barbara Burkhart, by and through her then attorney, Joseph Burkhart, wrote to Mr. Ony Quinones, the AETNA Disability Supervisor, and requested that the Plan Administrator provide a copy of the Summary Plan Description, copies of the procedures that the Plan Administrator uses to determine eligibility for obtaining disability, and a copy of the appeals procedure.

19. That on or about September 7, 2005, the Plaintiff, Barbara Burkhart, by and through her then attorney, Joseph Burkhart, wrote to Ms. Debbie Goodale, Senior HR Consultant, and requested a copy of the Summary Plan Description, and the policy for Short Term Disability and Long Term Disability that AETNA applied to the Plaintiff's case.

20. That on or about September 16, 2005, the Plaintiff, Barbara Burkhart, by and through her then attorney, Joseph Burkhart, wrote again to Ms. Debbie Goodale, Senior HR Consultant, and requested a copy of the Summary Plan Description, for Short Term Disability and Long Term Disability that AETNA applied to the Plaintiff's case.

21. That on or about October 11, 2005, after the Plaintiff was denied Short Term Disability benefits, the Plaintiff, Barbara Burkhart, by and through her then attorney, Joseph Burkhart, wrote again to Ms. Debbie Goodale, Senior HR Consultant, and requested a copy of the Summary Plan Description, for Short Term Disability and Long Term Disability that AETNA applied to the Plaintiff's case.

22. That on or about December 1, 2005, the Plaintiff, Barbara Burkhart, by and through her then attorney, Joseph Burkhart, wrote again to Ms. Debbie Goodale, Senior HR Consultant, and again requested a copy of the Summary Plan Description, for Short Term Disability and Long Term Disability that AETNA applied to the Plaintiff's case. In addition, the attorney for the Plaintiff requested a copy of the Certificate of Insurance for Short Term Disability and Long Term Disability.

23. That the Plan Administrator willfully and/or intentionally failed or refused to respond to the Plaintiff's repeated requests for the Summary Plan Description and later, the Certificate of Insurance, until after the Plaintiff filed this action. These documents were finally provided with the Defendant's initial disclosures.

24. That the Defendant's actions violated ERISA, Section 101, which requires that the Summary Plan Description, upon written request, must be provided to the beneficiary within 90 days of the request. The Plaintiff is a beneficiary of the Plan and requested, in writing, a copy of the Summary Plan Description, beginning on July 1, 2005, but did not receive a copy thereof within the 90 days allowed by law.

25. That the Defendant's actions also violated ERISA, Section 104(b)(4), which requires that other requested documents must be provided to the beneficiary within 90 days of the request. The Plaintiff is a beneficiary of the Plan and requested, in writing, a copy of the Certificate of Insurance, as well as other documents, beginning on July 1, 2005, but did not receive a copy thereof within the 90 days allowed by law.

26. That ERISA, Section 502( c)(1), allows for penalties of $100 per day per request against any administrator who fails to timely and properly respond to written requests for the type of documents that the Plaintiff requested herein. The Plaintiff asks this Court to impose such civil penalties as are allowed by law against the Defendant.

WHEREFORE, the Plaintiff requests relief against the Defendant as follows:

1. An order for Defendant to pay to the Plaintiff all short term and long term disability benefits accrued and unpaid to the date of this judgment;

2. An order for the Defendant to designate the Plaintiff as an eligible participant under the terms of the policy and to pay the Plaintiff all future benefits due under the policy from the date of the judgment forward;

3. Plaintiff be awarded attorneys fees and costs of this action;

4. That a penalty of $ 110 per day per request, as well as all other penalties and costs allowed by law, be assessed against the Defendant, for the Defendant's failure to furnish the Plaintiff with a copy of the Summary Plan Description, the Certificate of Insurance and those other documents requested by her; and

5. That the Plaintiff be awarded such other, further, different and general relief as may be proper.

       /s/   Stephen M. NeSmith  
       **Stephen M. NeSmith (NES003)**  
       **Attorney for Plaintiff Barbara Burkhart**

**Of Counsel:**

**Riggs & NeSmith, P.A.**  
**Post Office Box 1047**  
**Montgomery, Alabama 36101-1047**  
**Tel. (334) 834-6990    Fax (334) 834-4796**  
**Email: riggsnesmithpa@ yahoo.com**

**Certificate of Service**

      I hereby certify that I have served a copy of the foregoing Consolidated Complaint upon the following persons, by placing a copy of same in the U.S. Mail, postage prepaid, on this 14th day of August, 2007:

Pamela A. Moore, Esq.
Marcus T. Fox, Esq.
ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Montgomery, Alabama 36602


                                          /s/   Stephen M. NeSmith
                                          **Of Counsel**