IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BARBARA BURKHART,                   *
                                            *

      Plaintiff,                    *
                                            *

vs.                                 *      CASE NO. 2:07-CV-61-WHA
                                            *

LABORATORY CORPORATION OF        *
AMERICA and AETNA LIFE              *
INSURANCE COMPANY,             *
                                            *

      Defendants.                 *

**AETNA LIFE INSURANCE COMPANY'S OPPOSITION TO
PLAINTIFF'S MOTION TO REINSTATE
LABORATORY CORPORATION OF AMERICA AS PARTY DEFENDANT, OR
ALTERNATIVELY, MOTION FOR EXTENSION OF DISCOVERY AND
<u>CONTINUANCE OF TRIAL SETTING</u>**

COMES NOW Aetna Life Insurance Company ("Aetna"), and files this opposition to

Plaintiff's motion to reinstate Laboratory Corporation of America ("LabCorp"), as a party

defendant, and alternatively, moves for an extension of discovery and continuance of the trial

setting should the Plaintiff's motion be granted.  In support hereof, Aetna states as follows:

1.        On January 19, 2007, the Plaintiff filed suit against LabCorp and Aetna.

Plaintiff's initial Complaint alleged that both Aetna and LabCorp were responsible for

wrongfully denying disability benefits for the Plaintiff.  *See* initial Complaint (Doc. # 1).

2.        After discussions with Plaintiff's counsel, counsel for Aetna provided a letter to

counsel, confirming that Aetna is the named claim fiduciary for benefit certification with regard

to LabCorp's short term disability plan as well as its long term disability plan, and that Aetna,

not LabCorp, made the final benefit decision with respect to the Plaintiff's claim for disability

benefits.  *See* Exhibit A – February 13, 2007 letter.  Consequently, since the Plaintiff's

Complaint focused on the alleged wrongful denial of disability benefits, counsel requested that

LabCorp be dismissed since it is not the claim fiduciary and did not make the final claim

decision for either the short term disability or long term disability benefits.  Exhibit A.

    3.    On March 2, 2007, the parties filed a joint stipulation for dismissal of LabCorp

without prejudice. (Doc # 16).

    4.    On July 20, 2007, Plaintiff filed a motion for permission to amend her Complaint

to include a second cause of action, seeking the imposition of civil penalties against Aetna for

the alleged violation of certain ERISA statutes relating to the provision of plan documents to the

beneficiary.  (Doc # 21).

    5.    On August 7, 2007, the Court issued an Order granting the motion and directing

that Plaintiff file an Amended Complaint, complete unto itself, to include the additional claim

referred to in the motion to amend, on or before August 14, 2007.    (Doc # 23).

    6.    On August 14, 2007, Plaintiff filed a "Consolidated Complaint" against Aetna,

restating the exact allegations from her original complaint and including the second cause of

action as outlined in her motion to amend.  (Doc # 25-2).

    7.    On August 23, 2007, Aetna filed an answer to the Consolidated Complaint,

responding again to the allegations in the original cause of action and also responding to the new

allegations in the second cause of action.  As to the new allegations, Aetna's position is that

those allegations would lie, if at all, against the Plan Administrator and that, as Plaintiff is and

has been aware and does not dispute, Aetna is not the Plan Administrator for Plaintiff's

employer's short term disability plan or long term disability plan.  (Doc. # 26).

8.      Plaintiff thereafter, on August 31, 2007, filed a motion to reinstate LabCorp as a defendant, outlining her position that the new claims should be asserted against LabCorp as the Plan Administrator.  (Doc # 28).  Plaintiff is asking this Court to "reinstate" LabCorp and excuse Plaintiff from having to re-serve LabCorp, or alternatively, to allow Plaintiff until September 14, to serve LabCorp.[1]

9.      On September 5, 2007, this Court entered an Order allowing Aetna until September 10, 2007, to respond to the motion, at which time the motion would be taken under submission for determination without oral argument. (Doc # 29).

10.     Plaintiff's motion should be denied for several reasons.  First, Plaintiff is asking that LabCorp be "reinstated" to this lawsuit, without service of any document whatsoever on LabCorp in order to do so.  Procedurally, Plaintiff should be required to properly serve LabCorp with the appropriate documents to bring it in as a party defendant.  Fed. R. Civ. P. 4 & 5.

11.     Second, the Scheduling Order requires that the parties file any motions to add parties no later than July 10, 2007.  The motion at issue seeking to include LabCorp as a defendant was filed 52 days after the deadline to add parties to this case and therefore is untimely.

12.     Third, the Plaintiff wants the Court to "reinstate" LabCorp, which appears to mean that she wants LabCorp restored to the same position it had before it was dismissed on March 5, 2007, such that it would be considered a defendant as of that date.  Doing so would be fundamentally unfair and result in actual prejudice to Aetna, as this case has been progressing for the last six months without LabCorp, and until recently, has been based on allegations focused

---

[1]     At 3:44 p.m. on September 7, 2007, counsel for Aetna received notification from the Court clerk that LabCorp was served on September 7, 2007, with an answer due by September 27, 2007.  Such service is improper since this Court has not ruled on Plaintiff's motion to reinstate LabCorp as a party defendant.

only on the disability claim decisions by Aetna as the claim fiduciary.   Nevertheless, even if the

Plaintiff is asking this Court to reinstate LabCorp as of March 5 or to add LabCorp as a party

defendant from this point forward, Plaintiff could have stated her second cause of action against

LabCorp at the time the initial Complaint was filed.   Plaintiff knew since at least 2005 that

Aetna is not the Plan Administrator, as evidenced by the content of several of the letters Plaintiff

references in her new second cause of action, which she asserts form the basis for those new

allegations.  *See* Plaintiff's Consolidated Complaint; *see, e.g,*  Exhibit B – September 7, 2005;

*see Stallings  v. Angelica Uniform Co.*, 388 So. 2d 942 (Ala. 1980)(upheld decision to deny

plaintiff's motion for leave to amend complaint).  Plaintiff has not offered any evidence for her

delay in raising these allegations against LabCorp.  Plaintiff could have availed herself of the

opportunity for timely filing her claims against LabCorp without prejudice to Aetna.

       13.     Aetna further submits that allowing LabCorp to be added as a party defendant at

this late date would require additional time for discovery.  Aetna moves, as an alternate to

disallowance of the addition of LabCorp, for an extension of time for discovery and a

continuance of the trial setting.

       WHEREFORE, Aetna respectfully requests that this Court deny the Plaintiff's motion to

reinstate LabCorp as a party defendant, or alternatively, allows the parties additional time for

discovery and a continuance of the current trial setting.

*s/Marcus T. Foxx*
PAMELA A. MOORE (MOORP5421)
MARCUS T. FOXX (FOXXM6742)
Attorneys for Defendant
Aetna Life Insurance Company

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)


### CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following:

Stephen M. NeSmith, Esq.
Riggs & NeSmith, P.A.
P. O. Box 1047
Montgomery, AL  36101-1047


*s/Marcus T. Foxx*_____
COUNSEL

# Alford, Clausen & McDonald, LLC
Lawyers

One St. Louis Centre, Suite 5000   Mobile, Alabama 36602   www.AlfordClausen.com   251.432.1600

February 13, 2007

**VIA E-MAIL**
Stephen M. NeSmith, Esq.
riggsnesmithpa@yahoo.com

   Re: *Barbara Burkhart v. Laboratory Corporation of America and Aetna Life Insurance Company*

Dear Steve:

   As a follow-up to your telephone conversation with Pam Moore on Friday, we have confirmed that Aetna is the named claim fiduciary for benefit certification with regard to Laboratory Corporation of America's short term disability plan as well as its long term disability plan. Aetna, not Laboratory Corporation of America, made the final benefit decision with respect to the plaintiff's claim for disability benefits. Consequently, since the plaintiff's Complaint focuses on the alleged wrongful denial of disability benefits, Laboratory Corporation of America should be dismissed since it is not the claim fiduciary and did not make the final claim decision for either the short term disability or long term disability benefits. If you have any questions or would like to further discuss, please give Pam or me a call.

        Yours very truly,

        *Marcus T. Foxx*

        Marcus T. Foxx

MTF/sks
171-5664

Sender's direct dial: 251.415.9241 • E-Mail: mtf@AlfordClausen.com • Fax: 251.432.1700

James H. McDonald Jr. • Helen Johnson Alford[1,2,3] • Andrew C. Clausen[1,3,4,5] • William R. Lancaster[1,2,3] • Charles J. Potts[1] • James W. Lampkin II[1,5,6]
W. Benjamin Broadwater[5] • Paul V. Lagarde[1,4] • L. Hunter Compton Jr.[1] • Pamela A. Moore[1,5,6,7] • Kathleen Cobb Kaufman
J. Richard Moore[3,8] • Christopher B. Estes[1] • Juan C. Ortega[1] • Susan L. Potts • Mignon M. DeLashmet[1]
Gabrielle R. Pringle • J. Bart McNiel[5] • Katherine M. McGinley[6] • Robert B. McGinley Jr.[1,6] • Christina May Bolin[1,9]
Patrick K. Pendleton[1] • Benjamin C. Heinz[1] • H. James Koch[1] • E. Larkin Hatchett[1] • Charles C. Wimberly III[1]
D. Brian Murphy[1] • Kasie M. Braswell[1] • William C. Grayson • Marcus T. Foxx • Jason B. Nimmer[3]

Also admitted in: [1]Mississippi, [2]Texas, [3]Tennessee, [4]Louisiana, [5]Florida, [6]Georgia, [7]South Carolina, [8]Indiana, [9]New York

**Exhibit A**

Law Offices Of
**Joseph E. Burkhart, L.L.C**

---

Suite 206                                                            (334) 262-4800
472 South Lawrence Street                                       Fax: (334) 262-4808
Montgomery, Alabama 36104

Mrs. Debbie Goodale Sr. HR Consultant
4500 Conaem Drive
Louisville, KY 40213

September 07, 2005

Re: Summary Plan Description Request

Dear Mrs. Goodale:

I am an attorney representing your employee Barbara A. Burkhart and I am requesting on her behalf a copy of the Summary Plan Description for the Short Term Disability and Long Term Disability policies.

I did receive a copy of the "handbook" section that talks about STD & LTD, but there is a legal document entitled "Summary Plan Description", I need this document to proceed with an appeal for Barbara's disability benefits. Please forward these document for each disability type. Also I need a copy of the "policy" for Short Term Disability & Long Term Disabilty with Aetna that applies to Barbara's coverage.

Thank you for your help in this matter. I am told by Aetna that LabCorp is the Plan Administrator for these programs.

Yours truly,

Joseph E. Burkhart, JD, SPHR

BU300049

**Exhibit B**