IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA BURKHART, | * | |
| | * | |
|    Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 2:07-CV-61-WHA |
| | * | |
| LABORATORY CORPORATION OF | * | |
| AMERICA and AETNA LIFE | * | |
| INSURANCE COMPANY, | * | |
| | * | |
|    Defendants. | * | |

**LABORATORY CORPORATION OF AMERICA HOLDINGS'
ANSWER TO PLAINTIFF'S CONSOLIDATED COMPLAINT**

COMES NOW, Laboratory Corporation of America Holdings ("LabCorp"), erroneously identified as "Laboratory Corporation of America," and in response to Plaintiff's Consolidated Complaint ("Complaint"), states as follows:

1. Upon information and belief, LabCorp admits that this Court has jurisdiction pursuant to 29 U.S.C § 1132(e) and that the disability benefits plans at issue are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). LabCorp denies the remaining allegations contained in paragraph no. 1 of Plaintiff's Complaint and demands strict proof thereof.

2. LabCorp is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph no. 2 of Plaintiff's Complaint as to Plaintiff's current residence address; therefore, LabCorp cannot admit or deny same. LabCorp admits that during certain periods of time, Plaintiff was a participant in the Laboratory Corporation of America Holdings Employees' Savings Plans ("401K Plan") and Laboratory

Corporation of America Holdings Cash Balance Plan ("Cash Balance Plan"). LabCorp denies the remaining allegations contained in such paragraph and demands strict proof thereof.

3. LabCorp admits that at all times relevant hereto, it was the sponsor of the Laboratory Corporation of America Holdings Short Term Disability Plan ("Short Term Disability Plan") which provides short term disability benefits to plan participants and that the plan was established prior to Plaintiff's commencement of employment with LabCorp. LabCorp denies the remaining allegations set forth in paragraph 3 of Plaintiff's Complaint, specifically denies that the Short Term Disability Plan is an "employee pension benefit plan" or "pension plan" pursuant to 29 U.S.C. Section 1002(2)(A) or a "defined benefit plan" pursuant to 29 U.S.C. Section 1002(35) and demands strict proof thereof.

4. LabCorp admits that it is the plan sponsor of the Short Term Disability Plan and the Laboratory Corporation of America Long Term Disability Plan ("Long Term Disability Plan") and that the "administrator" for the Short Term Disability Plan is Laboratory Corporation of America Holdings, 309 E. Davis St., Burlington, NC 27215 and the plan "administrator" for the Long Term Disability Plan is Laboratory Corporation of America Holdings, 309 E. Davis St., Burlington, NC 27215. LabCorp denies the remaining allegations contained in paragraph no. 4 of Plaintiff's Complaint and demands strict proof thereof.

5. Upon information and belief, LabCorp admits that Aetna Life Insurance Company ("Aetna") is the claim fiduciary for the Short Term Disability Plan and the Long Term Disability Plan. The remaining allegations contained in paragraph no. 5 of Plaintiff's Complaint do not require a response from LabCorp; however, if LabCorp is mistaken in that belief and a response is required, LabCorp denies the remaining allegations contained in such paragraph and demands strict proof thereof.

**First Cause of Action**

  6. LabCorp admits that on or about July 25, 2002, LabCorp acquired through a stock acquisition the company for which Plaintiff worked, that following the acquisition, Plaintiff became an employee of a LabCorp subsidiary corporation, and that under the 401K Plan, LabCorp counted Plaintiff's years of service with the acquisition company towards vesting under the 401K Plan. LabCorp denies the remaining allegations contained in paragraph no. 6 of Plaintiff's Complaint and demands strict proof thereof.

  7. LabCorp admits that Plaintiff was on a leave of absence from approximately June 6, 2005 through September 30, 2005 and that her employment was terminated effective October 1, 2005. LabCorp denies the remaining allegations contained in paragraph no. 7 of Plaintiff's Complaint and demands strict proof thereof.

  8. LabCorp admits that on or about May 27, 2005, Plaintiff submitted a claim for benefits under the Short Term Disability Plan, that Plaintiff submitted documentation in support of her claim for benefits, that the documentation speaks for itself, that Aetna, as the claim fiduciary, denied Plaintiff's claim on or about September 30, 2005, that Plaintiff appealed the decision and the appeal was denied on or about November 30, 2005. LabCorp denies the remaining allegations contained in paragraph no. 8 of Plaintiff's Complaint and demands strict proof thereof.

  9. LabCorp denies each and every allegation contained in paragraph no. 9 of Plaintiff's Complaint and demands strict proof thereof.

  10. LabCorp denies each and every allegation contained in paragraph no. 10 of Plaintiff's Complaint and demands strict proof thereof.

11. LabCorp denies each and every allegation contained in paragraph no. 11 of Plaintiff's Complaint and demands strict proof thereof.

12. LabCorp denies each and every allegation contained in paragraph no. 12 of Plaintiff's Complaint and demands strict proof thereof.

13. LabCorp denies each and every allegation contained in paragraph no. 13 of Plaintiff's Complaint and demands strict proof thereof.

14. The allegations contained in paragraph no. 14 of Plaintiff's Complaint do not require a response from LabCorp; however, if LabCorp is mistaken in that belief and a response is required, LabCorp denies each and every allegation contained in such paragraph and demands strict proof thereof.

15. LabCorp denies each and every allegation contained in paragraph no. 15 of Plaintiff's Complaint and demands strict proof thereof.

## Second Cause of Action

16. LabCorp denies each and every allegation contained in paragraph no. 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Upon information and belief, LabCorp admits that Plaintiff purports to bring an action under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(c) and that pursuant to 29 U.S.C. § 1132(e), this Court has jurisdiction over such purported claims. LabCorp denies the remaining allegations contained in paragraph no. 17 of Plaintiff's Complaint and demands strict proof thereof.

18. LabCorp is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph no. 18 of Plaintiff's Complaint; therefore, LabCorp cannot admit or deny same.

19. LabCorp admits that Plaintiff sent a letter dated September 7, 2005 to Debbie Goodale, a Senior HR Consultant to LabCorp, and not to the "administrator" of the Short Term and Long Term Disability Plans within the meaning of 29 U.S.C. 1002(16)(A), and that the letter speaks for itself. LabCorp denies the remaining allegations contained in paragraph no. 19 of Plaintiff's Complaint and demands strict proof thereof.

20. LabCorp admits that Plaintiff sent a letter dated September 16, 2005 to Debbie Goodale, a Senior HR Consultant to LabCorp, and not to the "administrator" of the Short Term and Long Term Disability Plans within the meaning of 29 U.S.C. 1002(16)(A), and that the letter speaks for itself. LabCorp denies the remaining allegations contained in paragraph no. 20 of Plaintiff's Complaint and demands strict proof thereof.

21. LabCorp admits that Plaintiff sent a letter dated October 11, 2005 to Debbie Goodale, a Senior HR Consultant to LabCorp, and not to the "administrator" of the Short Term or Long Term Disability Plans within the meaning of 29 U.S.C. 1002(16)(A), and that the letter speaks for itself. LabCorp denies the remaining allegations contained in paragraph no. 21 of Plaintiff's Complaint and demands strict proof thereof.

22. LabCorp admits that Plaintiff sent a letter dated December 1, 2005 to Debbie Goodale, a Senior HR Consultant to LabCorp, and not to the "administrator" of the Short Term and Long Term Disability Plans within the meaning of 29 U.S.C. 1002(16)(A), and that the letter speaks for itself. LabCorp denies the remaining allegations contained in paragraph no. 22 of Plaintiff's Complaint and demands strict proof thereof.

23. LabCorp denies each and every allegation contained in paragraph no. 23 of Plaintiff's Complaint and demands strict proof thereof.

24. LabCorp denies each and every allegation contained in paragraph no. 24 of Plaintiff's Complaint and demands strict proof thereof.

25. LabCorp denies each and every allegation contained in paragraph no. 25 of Plaintiff's Complaint and demands strict proof thereof.

26. The allegations contained in the first sentence of paragraph no. 26 of Plaintiff's Complaint appear to be a statement of law and do not require a response from LabCorp; however, if LabCorp is mistaken in that belief and a response is required, LabCorp denies those allegations and demands strict proof thereof. LabCorp denies the remaining allegations contained in such paragraph and demands strict proof thereof.

LabCorp denies that Plaintiff is entitled to the relief sought in her prayer for relief following paragraph no. 26 of her Complaint.

## FIRST DEFENSE

Each and every claim contained in Plaintiff's Complaint is barred by the applicable statutes of limitation.

## SECOND DEFENSE

Each and every cause of action in Plaintiff's Complaint fails to state a claim for which relief can be granted.

## THIRD DEFENSE

Plaintiff's sole and exclusive remedies in this action are limited to those allowed under the Employee Retirement Income Security Act of 1974 ("ERISA").

## FOURTH DEFENSE

Pursuant to the provisions of ERISA, Plaintiff is not entitled to a trial by jury.

**FIFTH DEFENSE**

The award of any damages under the allegations of the Complaint would violate the prohibition against laws that impair the obligations of contracts in violation of the Contract Clause, Article I, Sec. 10, cl. 1, of the United States Constitution and Article I, Section 22, of the Alabama Constitution (1901), in that Plaintiff's claims are in derogation of express terms contained in the disability benefits plans made the basis of this lawsuit.

**SIXTH DEFENSE**

LabCorp has not breached any duties that were or are owed to Plaintiff by virtue of the disability benefits plans at issue.

**SEVENTH DEFENSE**

LabCorp did not participate in, authorize, ratify or benefit from any of the alleged wrongful acts that are asserted in Plaintiff's Complaint.

**EIGHTH DEFENSE**

LabCorp has not refused to pay any benefit pursuant to the disability benefits plans at issue to which Plaintiff was contractually entitled, as alleged.

**NINTH DEFENSE**

Plaintiff is not entitled to any damages or benefits beyond those benefits that are outlined in the provisions of the disability benefits plans at issue.

**TENTH DEFENSE**

LabCorp is entitled to a set-off and credit for any and all sums paid to or on Plaintiff's behalf by any other party or collateral source as a result of or related to this lawsuit.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to recover to the extent that any damages were caused by Plaintiff's failure to mitigate her damages, or in the alternative, Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

**TWELFTH DEFENSE**

LabCorp states that the transactions which are the subject of this action were voluntarily undertaken and that Plaintiff had an obligation and opportunity to read all documents presented to or signed by Plaintiff, that Plaintiff knowingly entered into the transactions having either understood the transactions or having failed to avail herself of the opportunity to understand the transactions, and that said transactions are now complete.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, ripeness, unclean hands and/or failure to read.

**FOURTEENTH DEFENSE**

All allegations contained in Plaintiff's Complaint that are not specifically admitted are denied.

**FIFTEENTH DEFENSE**

LabCorp would affirmatively show that any damages or injuries suffered by Plaintiff, if any, were due to Plaintiff's own actions or inactions and Plaintiff cannot recover any amount from LabCorp and that the sole proximate cause of any injuries or damages was the result of Plaintiff's own actions or inactions.

## SIXTEENTH DEFENSE

Venue is improper.

## SEVENTEENTH DEFENSE

Upon information and belief, before the filing of this lawsuit, Plaintiff failed to satisfy her contractual obligations that were the predicate to the payment of any further benefits pursuant to the disability benefits plans at issue; therefore, Plaintiff's Complaint should be dismissed.

## EIGHTEENTH DEFENSE

LabCorp has not refused to provide any documents requested by Plaintiff with regard to her claim for disability benefits at issue.

## NINETEENTH DEFENSE

LabCorp incorporates by reference affirmative defenses asserted by any other defendant and reserves the right to assert any additional defenses which may arise as discovery progresses or otherwise as appropriate in the course of this litigation.

## TWENTIETH DEFENSE

Plaintiff failed to make any request for documentation to the "administrator" of the Short Term Disability Plan or the Long Term Disability Plan.

WHEREFORE, having fully answered, Laboratory Corporation of America Holdings respectfully requests that this Court dismiss Plaintiff's Complaint on its merits as it relates to any action or inaction on LabCorp's part and with prejudice to the bringing of any further action at the cost of the Plaintiff.

>  *s/Pamela A. Moore*_____
>  PAMELA A. MOORE (MOORP5421)
>  MARCUS T. FOXX (FOXXM6742)
>  Attorneys for Laboratory Corporation of America Holdings

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on September 27, 2007, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following:

    Stephen M. NeSmith, Esq.
    Riggs & NeSmith, P.A.
    P. O. Box 1047
    Montgomery, Alabama  36101-1047


                                           *s/Pamela A. Moore*_____
                                           COUNSEL