IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA BURKHART, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 2:07-CV-61-WHA |
| | * | |
| LABORATORY CORPORATION OF | * | |
| AMERICA and AETNA LIFE | * | |
| INSURANCE COMPANY, | * | |
| | * | |
| Defendants. | * | |

## AMENDED REPORT OF THE PARTIES' PLANNING MEETING

1. Pursuant to Federal Rule of Civil Procedure 26(f) and in accordance with the Court's Order of September 11, 2007, a meeting of the parties was held on September 27, 2007, and participating therein were Stephen M. NeSmith, Esq. for the Plaintiff and Pamela A. Moore, Esq. and Marcus T. Foxx, Esq. for Aetna Life Insurance Company ("Aetna") and Laboratory Corporation of America Holdings ("LabCorp").

2. <u>Pre-discovery Disclosures</u>: With regard to the information required by Federal Rule of Civil Procedure 26(a)(1), Plaintiff served her initial disclosures on April 24, 2007. Aetna served its initial disclosures on April 27, 2007. LabCorp will serve the information required by Federal Rule of Civil Procedure 26(a)(1) on or before by October 23, 2007.

3. <u>Discovery Plan</u>: The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects: the legal claims and damages raised in Plaintiff's Consolidated Complaint (the "Complaint") as well as the issues raised in Aetna's and LabCorp's responses to the Complaint.

    b. Disclosure or discovery of electronically stored information should be handled as follows:

        1. The parties have discussed electronically stored information.

        2. The parties have stipulated that all copies of electronically stored information are upon information and belief true and correct reproductions of the originally stored information.

        3. The parties have mutually agreed that relevant, non-privileged documents will be produced in hard copy/paper format rather than electronic format/electronic documents if asked to produce electronic data.

        4. The parties have also mutually agreed that, if in producing electronic data (such as e-mails), privileged information is disclosed inadvertently, the privilege would remain despite such disclosure.

    c. All discovery commenced in time to be completed by March 10, 2008.

    d. Maximum of 30 interrogatories and 30 requests for production, including sub-parts, by each party to any other party. Responses are due 30 days after service.

    e. Maximum of 30 requests for admission, including sub-parts, by each party to another party. Responses are due 30 days after service.

    f. Maximum of 5 depositions by Plaintiff, 5 depositions by Aetna and 5 depositions by LabCorp.

    g. Each deposition shall be limited to a maximum of seven hours unless extended by agreement of the parties.

    h. Reports retained experts under Rule 26(a)(2) due:

        (1) From Plaintiff by January 10, 2008.
        (2) From Aetna by February 11, 2008.
        (3) From LabCorp by February 11, 2008.

    i. Supplementations under Rule 26(e) are due: March 11, 2008.

4.  <u>Other Items</u>**:**

    a.  The parties do not request a conference with the Court before entry of the amended scheduling order.

    b.  The parties are aware that this Court has set a pretrial conference for this matter on July 2, 2008.

    c.  The parties should be allowed until December 10, 2007 to join additional parties and until December 21, 2007 to amend the pleadings.

    d.  All potentially dispositive motions should be filed by no later than 90 days prior to the pretrial date (per this Court's Rule 26(f) Order).

    e.  At this stage of the case, the parties are not in a position to determine whether settlement is possible or whether settlement may be enhanced by mediation, all of which cannot likely be evaluated prior to the close of discovery.

    f.  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

        (1) From Plaintiff by 30 days before trial.
        (2) From Aetna by 30 days before trial.
        (3) From LabCorp by 30 days before trial.

    g.  Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    h.  The case should be ready for trial during the term of court commencing August 11, 2008 and is expected to take approximately three days.

Dated: September 27, 2007.

*E-filed with the express permission of:*

                                                *s/Stephen M. Nesmith*_____
                                                STEPHEN M. NESMITH (#NES003)
                                                Attorney for Plaintiff

OF COUNSEL

RIGGS & NESMITH, P.A.
P.O. Box 1047
Montgomery, Alabama 36101-1047
(334) 834-6990
(334) 834-4796 (facsimile)

*s/Pamela A. Moore*_____
PAMELA A. MOORE (MOORP5421)
MARCUS T. FOXX (FOXXM6742)
Attorneys for Aetna Life Insurance Company and
Laboratory Corporation of America Holdings

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)