IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA BURKHART, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.  2:07cv61-WHA |
| | ) | |
| LABORATORY CORPORATION OF | ) | |
| AMERICA and AETNA LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

    This case is before the court on a Motion for Summary Judgment (Doc. # 40) filed by the Plaintiff, Barbara Burkhart, on April 3, 2008.  In her Motion, the Plaintiff seeks to collect from the Defendants, Laboratory Corporation of America and Aetna Life Insurance Co., accrued and future disability benefits of unspecified amounts under her pension plan, as well as statutory penalties, for violation of various provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

    On April 7, 2008, the court entered an Order giving the Defendants until April 28, 2008 to respond to the Plaintiff's Motion, and setting the Motion for Summary Judgment for submission on May 5, 2008.  On April 23, 2008, the court granted the Defendant's Motion for Extension of Time to File a Response (Doc. # 42), giving the Defendants, as requested by them, until May 5, 2008 to file their Response, and creating a Reply Deadline and submission date of May 12, 2008. (Doc. # 44.)  The Defendants did not file a Response by the extended deadline, and no further filings have been made to date. The extended submission deadline of May 12, 2008 has passed.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02. Accordingly, the court will review the evidentiary materials presented by the Plaintiff in accordance with Rule 56 of the Federal Rules of Civil Procedure.

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Plaintiff has met this burden by supporting her motion with affidavit evidence.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. Pro. 56(e).

By failing to file any evidence in response to the Motion for Summary Judgment, the Defendants have failed to meet their burden. Under Section 6 of the Uniform Scheduling Order

filed in this case on October 2, 2007, "[t]he failure to file a response to any motion -- either dispositive or nondispositive -- within the time allowed by the Court shall indicate that there is no opposition to the motion filed in this case."(Doc. # 37 at 2.)  Further, the court has reviewed the evidentiary materials submitted by the Plaintiff and finds no genuine issue of material fact as to the issues raised by the Plaintiff as grounds for summary judgment, and that summary judgment is due to be GRANTED as to liability.

Accordingly, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Doc. # 40) is GRANTED as to the question of liability.  The Plaintiff is given until June 5, 2008 to submit any evidence in support of her claimed damages.

Done this 22nd day of May, 2008.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE